IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA ,**

v.  **CRIMINAL NO.: 4:23cr40-01**

**JEREMY JOHN GLEASON.**

### DEFENDANT'S POSITION
### WITH RESPECT TO SENTENCING FACTORS

COMES NOW the Defendant, Jeremy John Gleason, by counsel, and offers his position with respect to sentencing factors.  Mr. Gleason has no objections to the calculated sentencing guidelines, which result in a Total Offense Level of 35 and an advisory sentencing guideline ranges 235 to 293 months. This pleading will discuss why Mr. Gleason believes a Downward Variance is warranted and why a sentence of 144 months of incarceration is an appropriate disposition.

### ARGUMENT

Sentencing decisions since Booker require the sentencing court to consider all of the goals and factors set forth in 18 U.S.C. § 3553(a).  See Booker, 125 S.Ct. at 757, 764, 766-768.  The sentence must be **"sufficient but not greater than necessary"** to satisfy (2) "the need for the sentencing imposed –"

(A)     to reflect the seriousness of the offense, to promote respect for

       the law, and to provide just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

(C)     to protect the public from further crimes of the defendant; and

(D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2) *[emphasis added]*.

Factors the Court "should consider" in determining the "particular sentence" that is sufficient but not greater than necessary to satisfy the goals of sentencing include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the advisory guidelines, the need to avoid unwarranted disparities, and the need to provide restitution to any victims of the offense. See 18 U.S.C. § 3553(a)(1)-(7).

## **NATURE AND CIRCUMSTANCES OF THE OFFENSE**

Jeremy Gleason pleaded guilty to Count One, charging him with Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841 and 846(b)(1)(A)(viii). He entered the plea on November 30, 2023, in accordance with the terms of a written Plea Agreement and agreed upon Statement of Facts. PSR ¶¶ 2,3. Mr. Gleason has been forthright in acknowledging his culpability in this matter, as reflected on Page 3, Paragraph 3, and Pages 9 and 10, Paragraphs 41 and 42, of the Presentence Investigation Report. Mr. Gleason agrees the information contained in the Statement of

Facts is correct and accurately reflects the conduct which placed him in violation of the law.

## HISTORY AND CHARACTERISTICS

Jeremy Gleason is 43 years old and was born in Norfolk, Virginia. PSR ¶ 67. His parents separated when he was approximately 10 months old, and he lived with his mother and older sister. He moved to live with his father in Portsmouth when he was 13 years old, and remained there until the age of 18. He went to live with his mother in Kill Devil Hills, North Carolina for several months, then moved into an apartment with a friend. He returned to Chesapeake, Virginia, 4 years later, and has lived in and around Gloucester, Virginia, since. PSR ¶¶ 68, 69. He is the father of a 15 year-old son, who lives with Jeremy Gleason's mother. PSR ¶ 73.

Mr. Gleason was diagnosed with depression and anxiety approximately 6 years ago, and has received no therapeutic treatment for his condition. PSR ¶ 77. He first used marijuana at the age of 14, and used weekly until his arrest in May, 2023. He first used cocaine at the age of 24, and used it daily until 2021. He used prescription opiates on a monthly basis between the ages of 24 and 40. He used methamphetamine at the age of 35, using it less than 10 times over the next 2 years. He also used alcohol from the age of 17 to the age of 35. PSR ¶ 79.

Jeremy Gleason completed the 10th grade at Western Branch High School in Chesapeake, Virginia, and earned his General Educational Development (GED) at College of the Albemarle in Manteo, North Carolina. PSR ¶ 80. He worked for Zandler Development, on and off, from 2015, until his arrest in 2023. He also worked for Autumn Trace, in Gloucester, during the same time-frame. He was employed with a roofing

company, Hammerhead, in Gloucester, between 2017 and 2020. Finally, he was employed by Bay Design Group in Saluda, Virginia, between 2016 and 2017. PSR ¶¶ 81-84.

## 18 U.S.C. § 3553(a)(2)
## THE NEED FOR THE SENTENCE IMPOSED

U.S.S.G. § 3553(a)(2) requires the court to impose a sentence which reflects the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant. Jeremy Gleason acknowledges his actions in this case were criminal and presented a danger to others and to himself. He is remorseful, and regrets the harm he has caused to those to whom he sold drugs.

Your defendant respectfully suggests a sentence of 144 months incarceration will adequately address these requirements. Mr. Gleason and the United States entered into a plea agreement in which, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties agreed to a recommended sentence of 144 months. This agreement contemplated Mr. Gleason would be sentenced consistently with the co-defendants in his case. 18 U.S.S.C. § 3553(a)(6) imposes the need to avoid unwarranted sentence disparities among defendants, and a sentence of 144 months satisfies that requirement. Mr. Gleason is, as the United States notes in its Sentencing Position, the last of 6 defendants to be sentenced in this case. Other co-defendants, according to the United States, were responsible for an equal, if not greater, quantity/weight of drugs in this case. It is the belief of the parties, and was contemplated in the discussions which

led to the plea agreement in this case, that Jeremy Gleason is most similarly situated to his co-defendant, Andrew Higgins, who received a sentence of 144 months. A sentence of 235 months, the low end of his guidelines, would be 55 months more than the next highest sentence imposed in this case, as pointed out by the United States. That co-defendant, Jonathan Willard Lowney, received a mandatory 60-month, consecutive sentence for Possession of a Firearm in Furtherance of Drug Trafficking, on top of the time he received on the Conspiracy charge. He had a Criminal History Category of V. Kenneth Dale Lowney, who had a Criminal History Category of VI, received a sentence of 120 months, while Amanda Nicole Carter received a sentence of 108 months. Finally, Patrick Sean McNulty received a sentence of 52 months.

Jeremy Gleason's Criminal History Category, is arguably overstated. His criminal convictions result in a subtotal history score of 8. These points include 1 point for a Possession of Marijuana conviction in 2018. As the United States Probation Officer notes in Paragraph 89 of the PSR, a downward departure from the defendant's criminal history category may be warranted if the defendant received criminal history points for possession of marijuana for personal use, as opposed to with an intent to sell or distribute. See U.S.S.G. § 4A1.3. A downward departure from the current Criminal History Category of IV, to a Criminal History Category of III, would result in a guideline range of 210 to 262 months. The low end of these guidelines is closer to the 144 months recommended by the parties, and asked for by the defendant. This would result in a lesser departure than is being currently requested. In either case, Jeremey Gleason suggests a departure is warranted.

## **CONCLUSION**

Jeremy John Gleason, recognizing the serious nature of the offense he committed, respectfully asks that this Court fix a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.S.C. § 3553(a). He asks that this Court grant his Motion for a Downward Variance, as argued above. Specifically, he asks for a term of incarceration of 144 months.

                        Respectfully submitted,
                        Jeremy John Gleason

By_____/ s /_____
Jeffrey L. Everhart, Esquire
Virginia State Bar No. 22328
4100 East Parham Road, Suite C
Richmond, Virginia 23228
Tel: (804) 672-1087
Fax: (804) 672-0545
E-mail: everhartlaw@comcast.net

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 8th day of April, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Devon E.A. Heath
Peter Osyf
Assistant United States Attorney
United States Attorney's Office
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Tel: (757) 591-4000
DHeath1@usdoj.gov
Peter.Osyf@usdoj.gov

and to:

Christopher Zychowski
Senior United States Probation Officer
701 East Broad Street, Suite 1150
Richmond, VA 23219
Tel: (804) 916-23219


                                                  _____/ s /_____
                                                  Jeffrey L. Everhart, Esquire
                                                  Virginia State Bar No. 22328
                                                  4100 East Parham Road, Suite C
                                                  Richmond, Virginia 23228
                                                  Tel: (804) 672-1087
                                                  Fax: (804) 672-0545
                                                  E-mail: everhartlaw@comcast.net